2023 IL App (2d) 230381-U
No. 2-23-0381
Order filed December 22, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-1981 |
| JOHN G. FINCH, | ) ) ) | Honorable Theodore S. Potkonjak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE MULLEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1   *Held*:  The trial court abused its discretion in entering an order detaining defendant and denying defendant pre-trial release.

¶ 2   Defendant, John G. Finch, timely appeals the circuit court's order of pretrial detention pursuant to Public Acts 101-652, § 10-255; 102-1104, (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act.[1] For the reasons below, we reverse the trial court's judgment and remand

_____

[1]This Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statutes or the public act.

with directions to release defendant with conditions after a hearing to determine appropriate conditions for release.

¶ 3                                    I. BACKGROUND

¶ 4      On October 5, 2023, defendant was charged with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(I) (West 2022)). The State filed a complaint alleging that on February 4, 2023, defendant, "who was 17 years of age or over, knowingly committed an act of sexual conduct" with the complaining witness, "M.L., who was under 13 years of age when the act was committed in that defendant touched the breast of *** M.L. with his hand, for the purpose of sexual gratification or arousal of defendant." On October 6, 2023, the circuit court held a hearing on the State's petition to deny pretrial release pursuant to 725 ILCS 5/110-6.1 (West 2022).

¶ 5      Defendant argues that the State failed to prove by clear and convincing evidence that he committed the offense charged, that he is a threat to any person, persons, or the community, and that no condition or combination of conditions would mitigate this threat. In response, the State argues that the record establishes by clear and convincing evidence that the denial of defendant's pretrial release was a proper exercise of the court's discretion.

¶ 6      The scant record does not contain any synopsis or reports from the police. The transcript from the detention hearing does reflect that defendant and M.L. are neighbors who live near each other. M.L. is a minor who was 12 years old on the date of offense. She is wheelchair-bound and described as disabled. On February 4, defendant and his wife had a party at their home and invited neighbors including M.L. and her family as well as other children and families. The State proffered

_Rowe v. Raoul_, 2023 IL 129248, ¶ 4 n.1.

that both M.L. and another minor of "around the same age" stated that they were "alone in the room eating ice cream when the defendant appeared with a beer in his hand;" and

"[b]oth victim and witness have stated that both—that the defendant stated that both of them are cute and sexy and are going to get all the boys in school. The witness remembers the defendant pulling down the victim's bra strap to near the victim's elbow. The defendant tells them to call him Uncle John."

The State proffered that M.L. told the police that "defendant rubbed her shoulders, slid his hand under her training bra and rubbed her breast above the nipple." The State also entered into evidence three screenshots from electronic messages that "defense counsel tendered to the police," and said "it is alleged to be the defendant and the victim communicating through text messages on Snapchat. He references to giving her gifts and complimenting her." The victim reported the offense to her mother on March 10.

¶ 7    As it relates to the offense charged, the defense attorney proffered, "[t]hey weren't the only people in the room. There was [*sic*] other people in the room." He also told the court that

"[w]e are the ones who gave the pictures and the Snapchats and whatever over to the prosecutor. And, by the way, as you can see from my letter of May 25, *** these texts back and forth aren't even to him. They are to his wife. The cop apparently in the police report got that wrong."

¶ 8    In arguing for detention, the State pointed to the "text messages" as well as the age and vulnerability of the wheelchair-bound victim, and contended defendant was a threat in that "sex offenders have a very high recidivism rate" and that no condition or conditions of release would "insure compliance with court orders." The defense relied on defendant's age of 71, his lack of any criminal history, his employment at the same job for 40 years, and the bond report which found

no risk factors except those required by the protocol for the offense charged and recommended release with conditions. He asserted that they were advised in May of the complaint made by the victim of the February offense and had cooperated fully with the police, including turning himself in 40 minutes after being advised of the warrant. And, as it relates to the victim, the attorney said that defendant had stayed "away from them," concluding "if there is going to be some obstruction, that would have happened in the last six months, nine months or something."

¶ 9   In granting the State's petition, and after finding the proof evident or the presumption great that defendant committed the offense, the circuit court noted that it was particularly concerned with "the fact that they're neighbors." Because of M.L.'s age, her disability, and her proximity to defendant, the court found that no condition or combination could mitigate the real and present threat defendant posed.

¶ 10   Defendant timely appealed. In this court, defendant contends that the State failed to prove by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense charged. He argues that the allegations lack merit because a number of months passed from the time of the alleged offense to the time that the complaint was filed, and that there is no other allegation of misconduct before or after the date charged. Additionally, he argues that nothing established that he was a threat to the victim or the community. Finally he asserts that there was no discussion during the hearing of potential conditions on release nor any evidence to support the court's conclusion that no condition or combination of conditions could mitigate any threat.

¶ 11   The State responds that the trial court properly found that the proof met the standard required by the Act, highlighting the evidence proffered at the hearing. Defending the trial court's

detention ruling, the State points to the disparate ages of defendant and the victim, the victim's disability, the "inappropriate texts," and the proximity of the homes of defendant and victim.

¶ 12                                    II. ANALYSIS

¶ 13    In Illinois, all persons charged with an offense are presumed eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Pretrial release is governed by article 110 of the Code as amended by the Act. 725 ILCS 5/110-1 *et seq.* (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 14    In considering whether the defendant poses a real and present threat to the safety of any person or the community, *i.e.*, making a determination of "dangerousness," the trial court may consider evidence or testimony concerning factors that include, but are not limited to, (1) the nature and circumstances of any offense charged, including whether the offense was a crime of violence, involved a weapon, or was a sex offense; (2) the history and characteristics of the defendant, including the defendant's prior criminal history indicative of violent, abusive, or assaultive behavior and the defendant's psychological history; (3) the identity of any person to whom the

defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)). 725 ILCS 5/110-6.1(g)(1)-(9) (West 2022). The State bears the burden of proof by clear and convincing evidence. 725 ILCS 5/110-2(c), 110-6.1(e)(2)(West 2022).

¶ 15    If the trial court finds that the State proved a real and present threat to the safety of any person or the community based on the specific articulable facts of the case, the defendant is likely to flee to avoid prosecution, or the defendant failed to abide by previously issued conditions of pretrial release, the trial court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against the defendant, (3) the history and characteristics of the defendant,[2] (4) the nature and

---

[2]The history and characteristics of the defendant include: "[T]he defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time

seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release, and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. See *id*. A written detention order must contain the court's reasons for denying release, "including why less restrictive conditions would not avoid a real and present threat … based on the specific articulable facts of the case…." 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 16    Our standard of review is twofold. We review under the manifest-weight-of-the-evidence standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that the proof is evident or the presumption great that the defendant committed the alleged offense, or that he is a real and present threat to any person or the community, or a flight risk, or that no conditions of release would mitigate the threat to any person or the community. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (applying a similar standard of review for the requirement of clear and convincing evidence by the State in termination-of-parental-rights proceeding). A finding is against the manifest weight of the evidence only where the opposite conclusion is clearly apparent or if the finding is unreasonable, arbitrary, or not based on the evidence presented. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. We review the trial court's ultimate determination regarding pretrial release for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (applying abuse-of-discretion standard in reviewing ruling denying the defendant's motion for bail pending trial under Illinois Supreme Court Rule

---

of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

604(c)(1) (eff. July 1, 2017)). An abuse of discretion occurs only when the trial court's decision is arbitrary, fanciful, or unreasonable or where no reasonable person would take the view adopted by the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52. In conducting our review, we consider not just whether the ultimate result is within the bounds of reason, but also whether the trial court applied proper criteria to reach that result. *People v. Atterberry*, 2023 IL App (4th) 231028, ¶ 12.

¶ 17    Turning to the arguments on appeal, we note that defendant is charged with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(I) (West 2022)). Therefore, we find that defendant is charged with an offense under Article 11 of the Criminal Code which is detainable under the Act. 725 ILCS 5/110-6.1(a)(5)(West 2022).

¶ 18    Regarding defendant's first argument, that the State failed to establish that the proof is evident or the presumption great that defendant committed the offense charged, we find that the trial court's ruling was not against the manifest weight of the evidence. The State made its proffer based on interviews with M.L. who described facts which, if true, would support the charge. Another witness – the other minor around the same age as the victim – corroborated some aspects of the encounter. The victim reported the crime to her mother about five weeks later. We do not find the delay undermines the trial court's ruling. "Illinois courts have consistently recognized that a child's delay in reporting sexual abuse is common." *People v. Jahn*, 246 Ill. App. 3d 689, 704 (1993). Based on what was presented at the hearing, we cannot say that the conclusion opposite to the court's finding is clearly apparent.

¶ 19    The next issue before this court is whether the trial court's finding that defendant posed a real and present threat to the safety of any person or persons or the community is against the manifest weight of the evidence. The court appropriately noted the statutory factors that the offense

was sexual in nature, the age and physical condition of the victim, and also the proximity of their homes. But without minimizing the allegations, the evidence presented was that defendant fondled the victim on one occasion. No other instances of sexual contact before or after the alleged offense were presented. Nor did the court find that there was an ongoing relationship with the victim via electronic (or any other means), apparently accepting the defense's explanation that the texts they provided to the police were between defendant's wife and the victim, not him and the victim. The court did comment "I think he was drinking at the time, it appears," but there is nothing in the record suggesting intoxication or addiction. Neither is there any evidence of criminal history, violence, weapons, psychiatric issues, or anything indicating an inability to follow court orders. Also overlooked was the fact that the defendant had avoided contact with the victim and her family in the months that passed between when the police told him there was a complaint under investigation and the date of his surrender on the warrant. The burden was on the State to present the evidence in clear and convincing fashion that the defendant was a threat and in this case, they failed to do so. If the Act's presumption that all persons charged with an offense are eligible for pretrial release is to have any meaning, more than is presented in this record must be required.

¶ 20    Accordingly, we find that the trial court's determination that defendant posed a real and present threat to persons or the community was against the manifest weight of the evidence. We therefore reverse the order of detention and remand for a hearing on conditions of pretrial release under section 110-10 of the Act. (725 ILCS 5/110-10. (West 2022).)

¶ 21                                III. CONCLUSION

¶ 22    For the reasons stated above, we reverse the judgment of the circuit court of Lake County and remand with instructions. Mandate to issue instanter.

¶ 23    Reversed and remanded.