NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241313-U

NOS. 4-24-1313, 4-24-1314 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 7, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| ROBERT J. HARDER, | ) | Nos. 24CF236 |
|     Defendant-Appellant. | ) |     24CF237 |
| | ) | |
| | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, Robert J. Harder, appeals the circuit court's order denying him pretrial release under section 110-6.1(a)(5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(a)(5) (West 2022)), hereinafter as amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                    I. BACKGROUND

¶ 4    On August 21, 2024, in Livingston County case No. 24-CF-236, the State charged defendant with two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)). Count I asserts defendant committed the offense against a family

member under the age of 13 "[o]n or about December 2022." Count II asserts defendant committed the offense against a different family member under the age of 13 "[o]n or about December 25, 2021[,] through December 25, 2022." In Livingston County case No. 24-CF-237, defendant was charged with four counts of possession of child pornography, and the victim was under the age of 13 (720 ILCS 5/11-20.1(a)(6) (West 2022).

¶ 5    That same day, the State filed a verified petition to detain defendant based on section 110-6.1(a)(5) of the Code (725 ILCS 5/110-6.1(a)(5) (West 2022)). The State asserted defendant was charged with a detainable sexual offense and poses a real and present threat to the safety of any person or persons or the community.

¶ 6    A hearing was held on probable cause and the State's petition. Regarding probable cause, the State proffered, on April 7, 2024, two women brought their daughters, M.W. and A.H., to the Pontiac Police Department to report defendant, the girls' father, sexually touched them. Victim-sensitive interviews were conducted. One victim, who was seven years old, disclosed defendant "used his front private part and her back private part," and "his front private went up her back private." The other, who was five years old, reported defendant "stuck a stick all the way into her butt." She described the "stick" as "a pink plastic object with a ring on it and a gemstone."

¶ 7    A search was conducted at defendant's residence on May 2, 2024. Several ring pop candies were found on the dining-room table and one wrapper was found in one of the children's bedrooms. Officers collected several items of evidence, including cell phones, laptops, and tablets. On a phone belonging to defendant were multiple images of child pornography. One image was "of a prepubescent male child who was seen [lying] on what appeared to be a blue ring pop." The State described four other images involving prepubescent children engaged in

acts of sexual intercourse.

¶ 8        The State tendered the Livingston County Pretrial Investigation Report. According to the report, defendant was divorced. He reported residing with his fiancée, his fiancée's cousin, his stepdaughter, and his two-year-old granddaughter. Defendant had seven children, six of whom were minors. Four of his children resided in Pontiac. Defendant worked full-time at Accolade but had only been there for a couple of weeks. Before his employment with Accolade, he was home as a retired/disabled Army veteran. Defendant reported being 80% disabled due to posttraumatic stress disorder. He suffered from depression and a mood disorder. Defendant took approximately 14 different medications related to his health issues. He attended counseling three to four times per week. Defendant suffered from asthma, high blood pressure, and heart and thyroid issues. On the Virginia Pretrial Risk Assessment Instrument-Revised (VPRAI-R), defendant scored a 2 out of 14, meaning he had only a 6.1% risk of violating pretrial release conditions. Defendant's criminal history involved driving on a suspended license in 2020 and battery in 2017.

¶ 9        The State further made a proffer about the capabilities of the Office of Statewide Pretrial Services (OSPS) as it related to defendant's case. The State noted that OSPS could use GPS monitoring to identify defendant's location but such monitoring would not be able to show whether other individuals were in defendant's presence. The State further noted OSPS had "very limited capabilities of monitoring" defendant's Internet, phone, and social media usage.

¶ 10        Defense counsel proffered defendant would agree to comply with any pretrial conditions. Counsel proffered OSPS can monitor social media and other electronic media during contact with defendant. Defense counsel asked the circuit court to take judicial notice of Livingston County case Nos. 24-OP-66 and 24-OP-67, filed in April 2024. Both involved

emergency orders of protection. One case was withdrawn by the petitioner, a mother of one of the victims. For the other case, involving the same mother, the petitioner failed to appear at the hearing and the matter was stricken. A guardian *ad litem* involved with the children told defense counsel "this is a very tumultuous custody case."

¶ 11 After argument, the circuit court granted the State's petition to deny defendant pretrial release. The court found significant the facts a blue ring pop is seen in one of the photos depicting child pornography, several ring pops were found in defendant's residence, and one of the children stated defendant used an item matching the description of a ring pop when he assaulted her. The court further observed the descriptions of the assaults by the two children "provided fairly similar allegations." The court found the State made a compelling argument any child is at risk. The court noted defendant scored low on the VPRAI-R. The court noted it could order more frequent contact by OSPS with defendant but determined that would not be sufficient. The court found OSPS had no way to monitor or confirm defendant complied with restrictions, such as no contact of any kind with any minor child. The court rejected home confinement and GPS monitoring as an option, noting defendant had young children and the court could not know who was in his house. The court further emphasized the nature of the charges. The court concluded the State had proven the dangerousness factors by clear and convincing evidence, including the fact no conditions or combination of conditions could mitigate the real and present threat to the safety of children under the age of 18.

¶ 12 Defendant filed a motion for relief under Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024), arguing less restrictive conditions were available. He stressed his low risk-assessment score and his full-time employment. He further emphasized the alleged victims in the case were involved in a child-custody dispute.

- 4 -

¶ 13 After the circuit court denied defendant's motion for relief, this appeal followed.

¶ 14 II. ANALYSIS

¶ 15 On appeal, defendant makes one argument: the State failed to prove pretrial release conditions were insufficiently mitigating of any threat. Defendant maintains the circuit court erred by making its determination based solely on the facts of the offenses. Defendant highlights the fact the offenses occurred years before the charges were brought, undermining any conclusion he would not comply with conditions. Defendant further states nothing in the record suggests he attempted to contact the victims.

¶ 16 Courts must presume all criminal defendants are eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). If the State clearly and convincingly proves a criminal defendant dangerous as defined by the Code, the State may overcome that presumption and secure pretrial detention of that criminal defendant. See *id.* §§ 110-6.1(a), (e). One prerequisite for a dangerousness finding is no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community. See *id.* § 110-6.1(e)(3). Section 110-5(a) of the Code (*id.* § 110-5(a)) lists factors courts should consider "[i]n determining which conditions of pretrial release, if any, will reasonably ensure *** the safety of any other person or the community and the likelihood of compliance by the defendant." These include the nature and circumstances of the charged offenses, the weight of the evidence against the defendant, defendant's history and characteristics, and the nature of the threat. *Id.* We review orders of detention under an abuse of discretion standard. *People v. Thomas*, 2024 IL App (4th) 240248, ¶ 17.

¶ 17 We disagree the State failed to proffer evidence beyond the circumstances of the offense on this issue. Relevant to the section 110-5(a) considerations, the State presented

evidence from the pretrial investigation report showing defendant, should he be released, would have access to children. The report shows defendant resided with multiple people, including a two-year-old child. It further shows defendant is the father of six minor children, four of whom live in the same town. The circuit court plainly considered defendant's access to children, the nature of the charges, and the inability of the conditions of pretrial release to reasonably ensure the safety of those children. In its written order, the court expressly found, "Community/individual safety cannot be meaningfully achieved with available conditions of pretrial release."

¶ 18　　　　We also find unconvincing defendant's argument the age of the offenses undermines the finding no condition or combination of conditions could mitigate any dangerousness. The images, though found on an old phone, were still in defendant's possession. In addition, defendant continued to have access to children, including one who resided in his home. Defendant's possession of child pornography involving children who were not just those in his home shows he is a danger to all children. Defendant's cases are factually distinguishable. For example, in *People v. Finch*, 2023 IL App (2d) 230381-U, ¶¶ 4, 19, the defendant was charged with aggravated criminal sexual abuse approximately eight months after the offense allegedly occurred and had no contact with the family of the victim for months. In *Finch*, the record does not show the 71-year-old defendant resided with children, had minor children of his own, was charged with multiple similar offenses, or was in possession of child pornography. See *id.*. In *People v. Riaz*, 2023 IL App (1st) 231833-U, ¶¶ 5, 25, the two-year span between the offenses and the charges involved a victim who was not a minor and there were no allegations of multiple offenses.

¶ 19　　　　Last, we note defendant's reliance on *People v. Post*, 2024 IL App (4th) 241002-

U, is misplaced. In that case, we did not find the circuit court abused its discretion based on the proffers before it but found the court "abused its discretion by failing to make a record adequate to allow meaningful review of its exercise of discretion." *Id.* ¶ 29. Here, the record is adequate.

¶ 20        We find no abuse of discretion in the circuit court's judgment in finding no condition or combination of conditions could reasonably mitigate the threat defendant poses to any person or persons or the community.

¶ 21                                   III. CONCLUSION

¶ 22        We affirm the circuit court's judgment.

¶ 23        Affirmed.